**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 1, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

JORGE ALBERTO BONILLA-
ESPINOZA,

Petitioner,

v.

TODD W. BLANCHE*, Acting United
States Attorney General,

Respondent.

No. 25-9552

_____

**Petition for Review from the Board of Immigration Appeals**
_____

Submitted on the briefs:**

Brendan E. Ryan, Devika M. Balaram, and Eric J. Wendorf, Kirkland & Ellis LLP,
Chicago, IL, and Charles G. Roth and Colleen M. Cowgill, National Immigrant Justice
Center, Chicago, IL, for Petitioner.

Brett A. Shumate, Assistant Attorney General, Leslie McKay, Assistant Director, and
Sarah K. Pergolizzi, Senior Litigation Counsel, Office of Immigration Litigation, Civil
Division, U.S. Department of Justice, Washington, D.C., for Respondent.
_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

     * On April 2, 2026, Todd W. Blanche became Acting Attorney General of the
United States. Consequently, he has been substituted for Pamela J. Bondi as
Respondent, per Fed. R. App. P. 43(c)(2).

     ** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

_____

**HARTZ**, Circuit Judge.

_____

Jorge Alberto Bonilla-Espinoza (Petitioner) is a native and citizen of El Salvador. We previously denied Petitioner's petition for review of the dismissal by the Board of Immigration Affairs (BIA) of his appeal from the decision of an immigration judge (IJ) denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). *See Bonilla-Espinoza v. Bondi*, 166 F.4th 51, 53 (10th Cir. 2026). Petitioner now seeks review of the BIA's denial of his motion to reopen his proceedings before the BIA. We deny the petition. The BIA did not abuse its discretion in denying the motion as untimely.

## I.      BACKGROUND

Petitioner testified before the IJ that from 2017 to 2022 he was detained three times by the Salvadoran police and beaten by them on seven other occasions. The first of these detentions lasted nine months until a Salvadoran judge found Petitioner innocent and ordered him released. Shortly after Petitioner's third detention, police detained Petitioner's mother and two sisters on suspicion of collaborating with illicit groups (the same charge that supposedly justified each detention and beating of Petitioner). In January 2023, within a month of his family's detention, Petitioner fled El Salvador.

Petitioner arrived in the United States near El Paso, Texas, on February 7, 2023. Because he lacked proper documentation, he was detained. After being served

with a notice to appear by the Department of Homeland Security, he filed a pro se application for asylum, withholding of removal, and relief under the CAT. An IJ held a hearing and denied the requested relief. Petitioner appealed, again acting pro se, and the BIA affirmed the IJ's decision on July 31, 2024.

The following November, Petitioner learned that his partner, the mother of his daughter, had been detained by the Salvadoran police. He says that he believes she was detained because of her affiliation with his family. On January 22, 2025, he filed a motion with the BIA to reopen his proceedings.

According to Petitioner's brief in support of his motion to reopen, he retained pro bono counsel (who also represented him before this court on his previous petition) on November 4, 2024. The motion and the brief in support alleged that new and previously unavailable evidence established both that he was eligible for asylum, withholding of removal, and relief under the CAT and that he was not afforded a full and fair hearing during his immigration proceedings. The motion attached a 16-page affidavit that included details of his political opinions, his and his mother's political activity in El Salvador, the abuse he suffered while detained, and his partner's detention. Also attached were expert reports and other evidence of country conditions in El Salvador.

Petitioner acknowledged that the deadline for him to file his motion to reopen lapsed on October 29, 2024—90 days after the BIA's merits order on July 31, 2024—which would ordinarily make his January 22, 2025 motion untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (alien ordinarily must file a petition to reopen removal

proceedings within 90 days of the entry of a final administrative order of removal); 8 C.F.R. § 1003.2(c)(2) (same). But he argued that the BIA should nevertheless find his motion timely based on principles of equitable tolling. He contended that he had proceeded diligently both before and after retaining counsel on November 4, 2024: he had never stopped searching for counsel, he was allowed to speak with counsel for only one hour per day from the detention center, and he was not eligible to file a motion to reopen until he obtained his new evidence.

The BIA denied Petitioner's motion to reopen. Its written decision summarized his arguments for tolling, with citations to the places in his brief where those arguments appeared. It concluded that Petitioner "has not established that he acted with the requisite diligence" because he "has not explained why he waited until January 22, 2025, to file his motion to reopen." A.R., Vol. 1 at 3. His "general assertions" that he "faced resource constraints while detained" and "was 'not eligible to file a motion to reopen' until he obtained the new evidence he now submits" were "not sufficient to show that he acted diligently and that an extraordinary circumstance[] prevented him from proceeding during the time between the July 31, 2024, order and his filing of the motion to reopen." A.R., Vol. 1 at 4. Accordingly, the BIA denied Petitioner's motion to reopen as untimely.[1]

---

[1] The BIA also held in the alternative that Petitioner did not demonstrate that any of the evidence he presented (aside from the assertion regarding his partner's confinement) was unavailable to him at the time of his final hearing before the IJ and that Petitioner's claim that he was prevented from fully supporting his claim at that hearing was unsupported by the record.

## II.     DISCUSSION

"We review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (brackets and internal quotation marks omitted). The BIA also abuses its discretion when it commits legal errors or makes factual findings that are not supported by substantial evidence. *See Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017). Because "motions to reopen immigration cases are plainly disfavored," an alien challenging the denial of a motion to reopen "bears a heavy burden to show the BIA abused its discretion." *Maatougui*, 738 F.3d at 1239 (brackets and internal quotation marks omitted). The BIA "has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a); *accord Maatougui*, 738 F.3d at 1240.

Petitioner claims that the BIA abused its discretion by concluding that he was not entitled to equitable tolling. He supports his claim for equitable tolling with the following contentions: Despite his best efforts he could not obtain counsel until November 4, 2024. During the time he proceeded pro se, he advanced his case diligently even though he does not have a high school diploma or speak English. He was further burdened because, as set forth in his affidavit submitted to the BIA, he had limited access to the law library, computers, and telephones, hampering his ability to gather evidence and prepare his motion to reopen. Then, when he obtained

5

counsel, he began working on a motion for an emergency stay of removal (which his attorney filed November 8, 2024) and this motion to reopen (which was filed on January 22, 2025). And even when represented by counsel, he continued to be hobbled by his detention, which restricted his time with his counsel to at most an hour-long phone conversation per day, and by trauma from the hardships he suffered in El Salvador, which made it difficult for him to describe those experiences to counsel.

Petitioner also raises a procedural challenge to the denial of equitable tolling. He contends that the BIA abused its discretion by rejecting his equitable tolling argument "without engaging in reasoned decision-making." Pet'r Br. at 36. He argues that when the BIA dismissed his explanations for delay as "general assertions" of "resource constraints," A.R., Vol. 1 at 4, it failed to give reasons for rejecting his arguments or give weight to his being pro se and detained.

We first address Petitioner's reasoned-decision-making argument. We have recognized that the BIA's analysis may be "so cursory or conclusory that it constitutes an abuse of discretion." *Estrada-Cardona v. Garland*, 44 F.4th 1275, 1287 (10th Cir. 2022). But we require no more of the BIA's decision than "that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Maatougui*, 738 F.3d at 1243 (internal quotation marks omitted).

The BIA's decision satisfies this standard. The BIA did not, as Petitioner suggests, "simply dismiss[]" his detained and pro se status, his lack of education and

language difficulties, and his limited access to a law library, computers, and phones. Pet'r Br. at 40. Instead, the BIA's discussion of equitable tolling referenced Petitioner's arguments in his motion (1) that he pursued his case pro se until he retained counsel in November 2024, (2) that he faced "resource constraints" while detained, and (3) that he could not submit his motion to reopen until he acquired the "new evidence"; and the opinion also referenced Petitioner's affidavit. A.R., Vol. 1 at 4. It is apparent that the BIA understood and considered Petitioner's arguments.

Nor was the BIA's reasoning in rejecting those arguments inadequate. The BIA recited the equitable-tolling standard that "an individual must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," complete with caselaw citations. A.R., Vol. 1 at 3 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And it concluded that Petitioner's arguments were "general assertions" that failed to meet that standard. A.R., Vol. 1 at 4. The BIA's analysis here is substantially more comprehensive than the cursory sentence that necessitated a remand in *Estrada-Cardona*. *Cf.* 44 F.4th at 1288 ("One sentence, devoid of any analysis, concluding there was no extraordinary circumstance which would warrant equitable tolling is insufficient for us to perceive the BIA reasoned at all—at least when the sentence appears in the wake of a more analytically substantial but erroneous application of the final-order rule").

As for the merits of the equitable-tolling argument, we cannot say the BIA abused its discretion by holding that Petitioner failed to pursue his rights diligently.

Petitioner "bears the burden of persuasion to show that equitable tolling is warranted, including demonstrating due diligence in seeking reopening." *Berdiev v. Garland*, 13 F.4th 1125, 1132 (10th Cir. 2021) (internal quotation marks omitted). That burden cannot be satisfied by the sort of conclusory statements offered by Petitioner. He claims that throughout his removal proceedings, he "never stopped searching for counsel, even though he remained detained and had little access to the outside world." A.R., Vol. 1 at 497. But neither his affidavit nor his brief in support of the motion to reopen describe any specific efforts to find counsel from February 2023, when he was detained, to October 29, 2024, when his time to file the motion to reopen expired, to November 4, 2024, when he retained counsel (near the time he learned his partner had been detained in El Salvador).

Similarly, Petitioner is short on specifics regarding diligence between the time he obtained counsel on November 4, 2024, and his January 22, 2025 motion to reopen. He says that counsel first assisted him with a motion for an emergency stay of removal, but because that motion was filed on November 8, it accounts for just four days of Petitioner's delay. He then claims that it took him "several weeks" to complete the sworn affidavit filed with his motion to dismiss because "detailed declarations such as [his] are incredibly time-intensive to produce, particularly when the individual has trauma associated with the subjects in the declaration, and counsel was only allowed one hour-long phone call with [Petitioner] per day." A.R., Vol. 1 at 497. But he does not offer evidence of his specific efforts to communicate with

8

counsel or prepare the affidavit, the specific challenges posed by his trauma, or even a statement of how long the affidavit took to prepare.

Moreover, wasting time is not diligence. The motion needed to depend on previously unavailable evidence. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *Maatougui*, 738 F.3d at 1242 (evidence was "inappropriate for a motion to reopen" because it was previously available). The BIA concluded that the only information in Petitioner's affidavit that could not have been previously presented was the "assertion regarding his partner's capture in November 2024." A.R., Vol. 1 at 4. One could question whether it is due diligence to devote weeks preparing an affidavit devoted largely to material that would not be relevant to a motion to reopen.

Not only has Petitioner failed to establish due diligence, he has also failed to establish extraordinary circumstances that prevented timely filing. He first points to lack of counsel and resources. But these are hardly unknown circumstances for those subject to deportation proceedings. And there is no reason to think that those circumstances were particularly impactful on Petitioner. After all, despite being detained and without counsel, he timely filed both a notice of appeal to the BIA and a petition for review of the BIA's decision. Filing a motion to reopen based on his partner's detention in El Salvador would not present any significantly greater burden.

Petitioner also raises as an extraordinary circumstance the fact that he did not learn of his partner's detention in El Salvador until November 2024, after the ordinary deadline for a motion to reopen. But this lone morsel of new evidence accounts for just two paragraphs of his affidavit. It does not justify Petitioner then taking over two months to submit his motion to reopen.

Thus, we cannot agree that the BIA abused its discretion in denying equitable tolling.

### III.    CONCLUSION

We **DENY** the Petition for Review and **GRANT** Petitioner's request to proceed *in forma pauperis*.